In re Estate of York: Shelton, Admx., Appellant, *v.* Bowers, Tax Commr., Appellee.

(No. 251—Decided October 23, 1958.)

*Mr. Richard F. Liggett*, for appellant.
*Mr. William Saxbe*, attorney general, *Mr. John M. Tobin* and *Mr. Daniel B. Quillen*, for appellee.

Gillen, J. This appeal on questions of law is directed to a judgment entry of the Probate Court of Brown County, Ohio, which reads:

"This cause came on to be heard on the exceptions filed by the Tax Commissioner of Ohio asserting that the court erred in allowing as a deduction against inheritance taxes the sum of $6,240 as a judgment for services due Andrew Lang, as set out in Schedule B of the application for determination of inheritance taxes.

"The court being fully advised in the premises and after consideration of the arguments of counsel finds that the exceptions are well taken and should be sustained.

"It is therefore ordered and adjudged that the exceptions be sustained and that the tax be redetermined accordingly.

"To all of which the administratrix excepts.

"(signed)    Thomas G. Johnson
"Judge."

The record discloses that on February 21, 1957, Jennie M. Shelton was duly appointed administratrix of the estate of Ida York, deceased, by the Probate Court of Brown County, Ohio.

On March 2, 1957, one Andrew A. Lang filed his claim for personal services in the amount of $7,800 against the estate with the administratrix. The claim was rejected by the administratrix. Thereafter, Andrew A. Lang brought an action in the Court of Common Pleas of Brown County to recover the amount claimed to be due him from the estate. Judgment was rendered in favor of Lang in the sum of $6,240. On October 10, 1957, the administratrix filed her application for determination of inheritance tax, listing therein as a debt and a deduction the judgment in the sum of $6,240 and, on October 14, 1957, the application was approved and the order of the Probate Court determining the inheritance tax was filed. On November 7, 1957, the Tax Commissioner of Ohio filed exceptions to the order of the Probate Court, determining the inheritance tax, for the reasons that the court erred in allowing as a deduction against inheritance taxes the sum of $6,240 as a judgment for services due Andrew Lang and for other errors apparent on the record. A hearing was had on the exceptions and, as shown by the judgment entry quoted above, the trial court found that the exceptions were well taken and that the tax should be redetermined.

The bill of exceptions, setting forth the proceedings at the hearing on the exceptions filed by the Tax Commissioner, is in narrative form. No witnesses were called, although counsel for the administratrix did offer in evidence the record of the Common Pleas Court to prove the judgment obtained by Lang against the estate amounting to $6,240. This evidence was rejected by the trial court. The corrected bill of exceptions approved by the trial court contains the following statement:

"An opening argument was made by the exceptor on behalf of the Tax Commission [sic] of Ohio, which was followed by an opening argument by the attorney for the administratrix in which he admitted that the claim of Andrew A. Lang for services rendered, which claim had been reduced to judgment in the sum of $6,240 had been settled and compromised prior to the application for the determination of inheritance tax.

"A statement may have been made by the court that he understood that the settlement was made for $1,500. The attorney for the administratrix then made the statement that had the court not known of the settlement, that the amount of the claim

could have been deducted as a debt and argued that his client was entitled to deduct the entire amount of said claim as a debt.''

It is apparent, from the record, that the trial court vacated its order allowing the deduction of $6,240 from the payment of inheritance tax for the reason that the administratrix had compromised and settled the debt for a lesser amount. The entry recites that the trial court sustained the exceptions for the purpose of redetermining the tax. In our opinion, this decision does not constitute a final order. For the purpose of clarification, however, this court will pass upon the issue presented. Although there are four assignments of error, it seems to be the position of appellant that the full amount of the judgment should be allowed as a deduction even though the claim was compromised and settled for a lesser amount. The record is silent as to whether a motion for a new trial or an appeal was pending at the time of the compromise.

The provisions of Section 5731.02, Revised Code, levy a tax upon the succession to any property passing to the use of any person. We find no express provision in the Code for the deduction of debts before determining the net estate subject to tax. As a matter of equity, however, the courts in Ohio have recognized the policy of allowing the deduction of just debts. It is held in the case of *Tax Commission of Ohio, ex rel. Price, Atty. Genl.,* v. *Lamprecht, Admr.,* 107 Ohio St., 535, 140 N. E., 333, 31 A. L. R., 985, in the syllabus, that:

''The Ohio state inheritance tax is a succession tax on the beneficial interest of each heir, legatee, devisee, or other beneficiary of a decedent's estate, and in determining the value of the succession of any such beneficiary the amount of the federal estate tax should first be deducted, like other debts and expenses of administration.''

It does not follow, however, that the deduction of an amount in excess of the sum required to satisfy a debt should be allowed. In the case of *Tax Commission* v. *Lamprecht, supra,* the court, in its opinion, page 547, said:

''* * * The value of the right to receive must be exactly equal to the value of the property which passes, and it is shocking to every sense of justice to compute the rate upon a right which is less valuable than the property which passes to the heir pursuant to that right.

"If it is a tax upon a right or privilege, the language of this court in *State, ex rel. Schwartz, Pros. Atty.,* v. *Ferris,* 53 Ohio St., 314, 41 N. E., 579, 30 L. R. A., 218, is pertinent:

" 'The value of the right to receive is in direct proportion to the value of the property received.'

"In *Corbin* v. *Townshend, supra,* the court observed:

" 'It is an obligation against the estate and payable like any expense which falls under the head of administration expenses. The tax paid is no part of the estate at the time of distribution; it has passed from the estate and the share of the beneficiaries is diminished by just so much.' "

Applying this logic to the case at bar, it would be improper to allow a deduction of $6,240 if the debt was settled for the sum of $1,500. To allow the full amount of the judgment as a deduction would result in permitting that portion of the estate equivalent to the difference between the amount of the judgment and the sum actually paid in settlement of the debt to pass to the heirs without the payment of inheritance tax. It would be just as unfair to permit property to pass to heirs without the payment of inheritance tax as to levy such tax upon property which such heirs do not receive. Such result can not be justified either in law or equity. In our opinion, the proceeding in the trial court is free from prejudicial error. The judgment is, therefore, affirmed.

*Judgment affirmed.*

COLLIER, P. J., and RADCLIFF, J., concur.